IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA NICOLE SAUERMILCH PEREZ,<br><br>    Plaintiff,<br><br> vs.<br><br>OPEN DOOR MISSION LYDIA HOUSE,<br><br>    Defendant. | 8:20CV430<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed her Complaint on October 16, 2020. (Filing 1.) She has been granted leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff seeks to recover $100,000 in damages for no stated reason. (Filing 1 at 4.)

II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff's Complaint contains no statement of a claim, nor any suggestion as to the basis upon which she seeks to invoke the court's jurisdiction. She has checked a blank on the court's standard form complaint for a civil case to indicate that her claim presents a federal question, but she has not stated why that is so. She has also checked a blank indicating there is diversity of citizenship, but both Plaintiff and Defendant are stated to be Nebraska citizens. The space provided on the form for a statement of claim, describing the nature of Plaintiff's injuries and Defendant's involvement in causing her harm, is completely blank.

The court has been deluged recently by Plaintiff's pro se, in forma pauperis pleadings, none of which have contained enough facts to pass initial review.[1] The court on its own motion has granted Plaintiff leave to amend in cases where it

---

[1] Plaintiff has been granted leave to proceed in forma pauperis in twelve other case filed recently: 8:20CV416, 8:20CV417, 8:20CV418, 8:20CV419 8:20CV420, 8:CV422, 8:20CV424, 8:20CV425, 8:20CV429, 8:20CV431, 8:20CV432, and 8:20CV433. "An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). If Plaintiff persists in filing frivolous pleadings, an appropriate sanction may be imposed.

appeared there was some possibility of Plaintiff stating a claim over which the court has subject matter jurisdiction, but in this case there is nothing whatsoever to go on. Accordingly, the case will be dismissed as frivolous and without leave to amend. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and is frivolous. The court will not grant Plaintiff leave to amend because it would be futile.

IT IS THEREFORE ORDERED:

1. This case is dismissed without prejudice.

2. Judgment will be entered by separate document.

Dated this 22nd day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge